IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER NELSON PAYNE,

    Petitioner,

v.                                  Civil Action No. 5:14CV92
                                            (STAMP)
EASTERN REGIONAL JAIL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RECONSIDERATION
AND DENYING AS MOOT PETITIONER'S MOTION FOR COUNSEL**

I. Background

The petitioner initiated this case for reconsideration of his sentence pursuant to 28 U.S.C. § 2254 on July 9, 2014. A deficiency notice was issued by the Clerk of Court informing the petitioner that he was required to provide complete information regarding the respondent, pay the filing fee, or file ledge sheets to show that he was eligible to proceed in forma pauperis. A response was not received from the petitioner and an order to show cause was issued. The petitioner then filed a response to the order to show cause claiming that he had not received the deficiency notice. The Clerk of Court then sent a second deficiency notice.

A certified mail return receipt indicated that the petitioner received the second deficiency notice. However, the petitioner did not identify the respondent, pay the filing fee, or file the ledger sheets that are required for a petitioner to proceed in forma

pauperis. As such, this Court dismissed the petition without prejudice for failure to prosecute and all pending motions were denied as moot. However, the order of dismissal was returned as undeliverable and the petitioner's address was then updated based on the petitioner's filing of the current motion for reconsideration and motion for the appointment of counsel. Several documents were then resent to the petitioner and a certified mail return receipt indicated that the documents had been refused. ECF No. 18.

In his motion for reconsideration, the petitioner reiterates his claims from the petition and generally asserts that his state sentence should be reconsidered. Further, in his motion for the appointment of counsel, the petitioner asserts that his prior counsel is unavailable and he needs counsel in order to traverse this litigation.

For the reasons that follow, this Court finds that the petitioner's motion for reconsideration should be denied and the petitioner's motion for counsel should be denied as moot.

## II. Discussion

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins.

Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

The petition in this action was dismissed without prejudice for failure to prosecute. The petitioner does not assert in his motion for reconsideration that this Court incorrectly dismissed his claims without prejudice. Further, this Court did not review the merits of the petitioner's claims and his claims were not dismissed on their merits. The petitioner has thus not shown that any of the three grounds for amending this Court's earlier judgment are present.

This Court reminds the petitioner that his action was dismissed without prejudice with the right to re-file and that he may re-file his action, if appropriate.[1] Accordingly, no manifest

---

[1] This reminder is in no way a finding that the petitioner's claims have merit or that such a petition would be granted if re-filed.

injustice would occur even if the petitioner had asserted arguments that fit within the Rule 59 regime. As such, the petitioner's motion for reconsideration is denied.

Additionally, this Court made efforts to update the petitioner's address and ensure that he was in receipt of all documents in this case. Pursuant to Local Rule of Prisoner Litigation Procedure 6, all pro se prisoner litigants, such as the petitioner in this case, are responsible for informing the Court of any change in their addresses. Although the petitioner did not update his address with this Court, it was updated for him. The Court notes that it is not the responsibility of this Court to find such information or to update the petitioner's address for him.

Finally, because this Court is denying the petitioner's motion for reconsideration and thus this case is still closed, the petitioner's motion for the appointment of counsel is moot.

### III. Conclusion

For the reasons set forth above, the petitioner's motion for reconsideration is DENIED. Further, the petitioner's motion for counsel is DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, the petitioner is ADVISED that he must file a notice of appeal with the Clerk of Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:     May 21, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE